# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH IVY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:17-CV-171 RLW |
| | ) |
| BILL STANGE,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Kenneth Ivy's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) Petitioner is currently incarcerated at the Southeast Correctional Center.

Petitioner pleaded guilty in the Circuit Court of the City of St. Louis, State of Missouri, to one count of second-degree murder, four counts of first-degree robbery, five counts of armed criminal action, and one count each of first-degree tampering and felony resisting arrest. Petitioner was sentenced to life imprisonment on the murder count, 30 years for each robbery and armed criminal action count, 7 years for the tampering count, and 4 years for the resisting arrest count, all to run concurrently for a total sentence of life.

---

[1] Bill Stange is now the Warden of Southeast Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Bill Stange's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

Because the Court has determined that Petitioner's claims are either procedurally defaulted or do not warrant habeas relief on their face, it will deny the Petition without an evidentiary hearing.[2]

**Factual Background**

At Petitioner's plea hearing, the prosecutor summarized the facts as follows.  As to count 1, Petitioner admitted that on January 14, 2010, he and two accomplices attempted to commit a robbery and in the course thereof one of the accomplices shot and killed Alan Sindelar (Ex. A, ECF No. 13-1 at 33-34).[3]  On count 2, Petitioner admitted that he committed the crime through the use of a deadly weapon (id. at 34).  On counts 3 and 4, Petitioner admitted that on January 13, 2010, acting with another, he forcibly stole a purse from Jasmine Knight, and that he committed the crime through the use of a deadly weapon (id. at 34-35).

The prosecutor stated that counts 6 through 8 occurred at the same time on January 13, 2010 (id. at 35).  On counts 5 and 6, Petitioner admitted that acting with another, he forcibly stole a hat from Phillip Devine, and that he committed the crime through the aid of a deadly weapon (id. at 35-36).  On counts 7 and 8, the prosecutor stated that Petitioner, acting with another, forcibly stole a cellular phone from Paris Devine, and that he committed the crime through the use of a deadly weapon (id.  at 35).  The prosecutor stated that Phillip and Paris Devine were standing at a bus stop when an older model car pulled over and a man exited the car and asked the victims what they had (id.).  The prosecutor stated the victims did not answer and the man pulled a gun, pointed

---

[2]A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

[3]All references herein to exhibits are to the exhibits attached to Respondent's Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (ECF No.13).

2

it at Paris Devine, and took Paris Devine's cellular phone and Phillip Devine's hat (id.). The prosecutor stated that the victims identified Petitioner as the man with the gun (id.).

On counts 9 and 10, the prosecutor stated that Petitioner, acting with others, forcibly took a purse from the possession of Rebecca Helrich on January 14, 2010, and committed the crime through the use of a deadly weapon (id. at 36). On count 11, the prosecutor stated that Petitioner operated a 1994 Oldsmobile without the consent of the owner on January 15, 2010 (id.). On count 12, the prosecutor stated that Petitioner committed the crime of resisting arrest by fleeing from Officers Timothy Bockskopf and Travis Vuichard (id. at 36). The prosecutor stated that Petitioner knew the officers were trying to make a stop, and he fled in such a manner as to create a substantial risk for serious physical injury or death by driving with excessive speed on Highway 70 during the morning rush hour (id. at 36-37).

## Procedural History

As stated above, Petitioner was charged with murder in the second degree, four counts of robbery in the first degree, five counts of armed criminal action, tampering in the first degree, and resisting arrest. After consulting with counsel, Petitioner waived his right to a jury trial and opted to plead guilty. During the state court's colloquy with Petitioner during the plea hearing, Petitioner stated that his "brain didn't understand" the implications of pleading. Consequently, the court halted the proceedings and advised Petitioner's counsel to file a motion to have Petitioner evaluated. A psychiatric evaluation concluded that Petitioner "show[ed] sufficient, but limited capacity to understand the proceedings and to assist his attorney rationally."

At a second plea hearing, Petitioner affirmed that he wished to plead guilty and did so voluntarily. Petitioner's counsel stated that he had reviewed all 12 counts with his client and that

3

he believed his client understood them.  The court reviewed with Petitioner the charges and ranges of punishment and found that Petitioner understood them.  Petitioner entered a plea of guilty.

At the sentencing hearing, the State recommended a life sentence, and Petitioner's counsel requested a sentence of fifteen years.  In support of leniency, counsel invoked the court's empathy by describing Petitioner's difficult childhood.  Counsel acknowledged Petitioner's violent past but insisted that Petitioner had changed and accepted responsibility for his actions.  The court imposed concurrent sentences of life on Count I, thirty years on Counts II through X, seven years on Count XI, and four years on Count XII.

Petitioner did not file an appeal of his judgment or sentence.  Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035, which was denied following an evidentiary hearing held over three days.  In his Amended Rule 24.035 motion, Petitioner claimed that his plea counsel failed to properly advocate on his behalf at sentencing when he failed to present available, competent evidence in mitigation that would have detailed how Petitioner's youth was marked by abuse and neglect.  Petitioner argued that if this evidence had been presented there was reasonable probability the court would have ordered a more favorable sentencing disposition.  (Ex. A, ECF 13-1 at 88.).

The motion court held an evidentiary hearing and heard testimony from Petitioner, his plea counsel, his family members, and a professor of neurology, Dr. Fucetola.  As relevant here, Petitioner's family members would have confirmed at sentencing that Petitioner had a traumatizing childhood marked by abuse and neglect, frequent relocations, and the death of his mother.  Plea counsel testified that he attempted to contact Petitioner's family and was prepared to call them as witnesses at sentencing, but he was unable to reach them to secure their participation in the hearing.  Plea counsel also testified that because Petitioner's psychiatric evaluation revealed a history of

4

violent behavior as a child, a history of juvenile detention, and indicators of antisocial personality, he decided that emphasizing Petitioner's current behavior rather than his past problems would put Petitioner in a more positive light at sentencing. Plea counsel advised Petitioner to do the same by speaking to the court from his heart and showing his remorse for his actions.

The postconviction motion court found that plea counsel's actions were reasonable trial strategy. (Ex. A, ECF 13-1 at 131.) It found that "it [was] clear the Court had substantial evidence of [Petitioner's] mental and social history available to it at the time of sentencing," and the "Court balanced the factors that stood in mitigation against the very serious nature of the crimes," in that while the sentences ultimately imposed were "lengthy and substantial" they were far less than the maximum allowed. (Id.) The court also found that Petitioner suffered no prejudice by the absence of additional witness testimony because counsel had already offered argument about Petitioner's disadvantaged background, so additional evidence would have been cumulative.

The court denied Petitioner's motion for postconviction relief and he appealed the denial. On September 5, 2017, the Missouri Court of Appeals affirmed the judgment of the motion court in an unpublished memorandum opinion. (Ex. E, ECF No. 13-5.)

On September 25, 2017, Petitioner filed the instant petition for habeas relief in federal court. (ECF No. 1) Respondent filed a response in opposition (ECF No. 13). Petitioner did not file a traverse in support of his petition.

## **Legal Standard**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or

5

treaties of the United States." 28 U.S.C. § 2254(a).  Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)).  Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000).  With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).  In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006).  "Where a petitioner fails to follow applicable state

6

procedural rules, any claims not properly raised before the state court are procedurally defaulted." Id. A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." Id.

## Discussion

Petitioner identifies six grounds for this federal habeas petition. Respondent argues each claim is either meritless, procedurally barred, or both.

### I. Ground One

Petitioner's first ground for habeas relief is that plea counsel provided ineffective assistance by failing to properly investigate and evaluation Petitioner's obvious mental health disease or defect. (ECF No. 1 at 4.) More specifically, Petitioner asserts that plea counsel did not independently investigate his cognitive issues or background until the plea court made him do so; the transcripts show it was only because the court would not accept Petitioner's guilty plea that counsel even investigated his competency. Petitioner asserts that the fact his background contained adverse information became an issue only because plea counsel was compelled to have him investigated after failing to do the most rudimentary investigation to assure Petitioner was competent. Thus, Petitioner argues the bad information (his conduct in jail and that he was supposedly malingering and feigning mental illness) was before the plea court only because of counsel's professional lapse. (Ex. B, ECF No. 13-2 at 22-24.)

The Supreme Court set forth the standard governing ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a petitioner must show both that (1) his counsel's performance was deficient, or that it "fell below an objective standard of reasonableness," and also that (2) "the deficient performance

7

prejudiced the defense." Id. at 687-88. Strickland provides a "highly deferential" standard to review ineffective assistance of counsel claims by having courts "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

The Court does not determine whether Petitioner's counsel provided effective assistance, but instead "whether the state court's application of the Strickland standard was unreasonable." See Harrington, 562 U.S. at 101; see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Instead, the Court must determine "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105.

Petitioner raised this claim on appeal of the denial of his postconviction motion under Rule 24.035. In addressing it, the Missouri Court of Appeals first set forth the legal standard it applied to Petitioner's claim:

> To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and that movant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668 (1984). Where a movant's conviction results from a guilty plea, claims of ineffectiveness of counsel are immaterial except to the extent that they infringe upon the voluntariness and knowledge with which the guilty plea was made. McVay v. State, 12 S.W.3d 370, 373 (Mo. App. S.D. 2000). That the defendant would not have pleaded guilty and would have insisted on going to trial is a necessary part of showing prejudice after a guilty plea. Beach v. State, 220 S.W.3d 360, 364 (Mo. App. S.D. 2007).

8

> The movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. Dean v. State, 950 S.W.2d 873, 876 (Mo. App. W.D. 1997). We defer to the motion court's superior ability to judge the credibility of witnesses. Payne v. State, 21 S.W.3d 843, 845 (Mo. App. E.D. 1999).

(Ex. E, ECF No. 13-5 at 4.)

After explaining the legal standard it applied, the Missouri Court of Appeals held:

> Ivy argues that counsel's failure to verify his competence before the plea hearing prompted the mental evaluation exposing damaging background information; had counsel verified Ivy's competence in the first instance, Ivy's history would not have come to light. Thus, counsel could not claim that his decision to downplay Ivy's background, rather than emphasize it through family testimony, was strategic. We reject this logic and are not persuaded that Ivy's mental capacity could (or should) have been avoided, regardless of who prompted the inquiry and when. Moreover, the record provides no basis to impugn counsel, who testified that he "had not really had any problems communicating with [Ivy] to make me feel I would have a problem getting through either trial or a guilty plea."

(Id. at 5.)

Upon review of the entire record, the Court concludes the Missouri Court of Appeals' application of the Strickland standard to this claim of ineffective assistance was not unreasonable. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court denies Petitioner's first ground for habeas relief.

## II.  Ground Two

Petitioner's second ground for habeas relief is that plea counsel provided ineffective assistance by failing to call Petitioner's family members to testify about his social history in mitigation at sentencing.

Petitioner raised this claim on appeal of the denial of his postconviction motion under Rule 24.035. The Missouri Court of Appeals held:

> Ivy also claims that counsel was ineffective for failing to call Ivy's family members as mitigation witnesses, citing Routt v. State, 493 S.W.3d 904 (Mo. App. E.D. 2016). In Routt, counsel had no communication with her client until three minutes before his sentencing hearing and hence no conversation about potential

9

> witnesses in support of mitigation. This court concluded that "counsel did not fulfill her obligation to either conduct a reasonable investigation into calling witnesses on Movant's behalf or to make a reasonable decision that an investigation into calling Movant's Stepsister as a witness was unnecessary." Id. at 912. Routt is clearly distinguishable. Here, counsel attempted to contact Ivy's family members, but some would not return his calls and others could not be reached.
>
> At Ivy's sentencing hearing, counsel advocated for leniency by arguing that Ivy: had an extremely difficult childhood and lacked positive role models as a youth, had found religion while incarcerated and was a "different person," took responsibility for his actions, and had no conduct violations in prison. The motion court observed that "plea counsel did effectively advocate for a lesser sentence … and did urge the court to take into consideration the disadvantages Movant had suffered. … [C]ounsel's decision to emphasize Movant's remorse and changed personality since the crimes and to avoid focus on Movant's mental health examinations was a reasonable course of action…" We are not convinced that the motion court erred in finding counsel's performance adequate.
>
> Absent a meritorious claim as to Strickland's performance prong, we need not reach the prejudice prong. McNeal v. State, 500 S.W.3d 841 (Mo. 2016).

(Ex. E, ECF No. 13-5 at 6.)

Upon review of the entire record, the Court concludes the Missouri Court of Appeals' application of the Strickland standard to this claim of ineffective assistance was not unreasonable. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Further, it follows Missouri precedent. Missouri courts have applied Strickland's two-part test in cases involving counsel's failure to call a witness. To succeed on such a claim, the movant must show "that the decision [not to call the witness] involved something other than reasonable trial strategy; that the witness could have been located through reasonable investigation; that the witness would have testified; and that the witness' testimony would have aided the movant's defense." (Ex. E, ECF No. 9-5 at 4, 5) (citing Cherco v. State, 309 S.W.3d 819, 826 (Mo. Ct. App. 2010)); see also Barnett v. Roper, 541 F.3d 804, 809 (8th Cir. 2008) (upholding denial of habeas petitioner's claim that counsel failed to call a witness in part because the petitioner failed to plead in state court that the witness was available to testify). Consequently, the Court denies Petitioner's second ground for habeas relief.

10

### III. Grounds Three through Six

Petitioner's third ground for habeas relief is that his postconviction counsel was ineffective for failing to raise in Petitioner's Rule 24.035 motion that plea counsel was ineffective for failing to object that Petitioner's sentences for first-degree robbery and armed criminal action arising from the same conduct violated his double jeopardy rights, on the basis that Missouri v. Hunter, 459 U.S. 359 (1983), and §571.015, Mo. Rev. Stat., are unconstitutional.  (ECF No. 1 at 11.)

Petitioner's fourth ground for habeas relief is that his postconviction counsel was ineffective for failing to raise in Petitioner's Rule 24.035 motion that plea counsel was ineffective for failing to object to the plea court's acceptance of his guilty pleas on the armed robbery and armed criminal action charges "because there is inconsistency between the 'Gun Element' language of the Robbery offenses and the Armed Criminal Action offenses, which violates" § 556.041(2), Mo. Rev. Stat., and State v. Bell, 62 S.W.3d 85 (Mo. Ct. App. 2001).  (ECF No. 1 at 11.)

Petitioner's fifth ground for habeas relief is that his postconviction counsel was ineffective for failing to raise in Petitioner's Rule 24.035 motion that plea counsel was ineffective for failing to have Petitioner examined for mental competence "by another doctor, as ordered by the [sic] on May 4, 2012, instead of … seeking for fabricated mental health documents from the prior mental health doctor to show to the Plea Court in order for the Plea Court to proceed with Petitioner's guilty plea and sentencing proceedings, which violated Petitioner's due process rights."  (ECF No. 1 at 12.)

Petitioner's sixth and final ground for habeas relief is that that his postconviction counsel was ineffective for failing to raise a claim in Petitioner's Rule 24.035 motion plea counsel "was ineffective for failing," without alleging a specific ground.  (Id.)

Petitioner failed to raise any of these grounds for relief during state court proceedings, so he has forfeited the right to present them on federal habeas review. A prisoner seeking federal habeas relief must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b). State courts are entitled to the first opportunity to address and correct alleged violations of the prisoner's federal rights. Coleman v. Thompson, 501 U.S. at 731 (citing Rose v. Lundy, 455 U.S. 509 (1991)). To preserve issues for federal habeas review, a prisoner must fairly present his claims to state courts during direct appeal or state postconviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Where a petitioner fails to present his claims in state court, he "'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'" Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004)).

Petitioner argues that his procedural default should be excused under the exception created in Martinez v. Ryan, 566 U.S. 1 (2012). Petitioner concedes that he did not properly raise these claims in state court. He contends that he can show cause and prejudice for the default under Martinez due to post-conviction counsel's failure to advance these claims in Petitioner's Rule 24.035 motion.

Under Martinez, "Inadequate assistance of counsel at an initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." 566 U.S. at 9. When "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding," as is the case in Missouri, "a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances." 566 U.S. at 14. The second circumstance, applicable here, "is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the

12

standards of" Strickland. 566 U.S. at 14. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

Thus, to overcome his procedural default, Petitioner must establish that postconviction counsel was ineffective under Strickland and that his ineffective assistance of plea counsel claims have some merit. The Court finds that Petitioner is unable to demonstrate cause sufficient to overcome the default. As stated above, to establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d at 1016 (citing Strickland, 466 U.S. at 689).

Petitioner's claims in Grounds Three through Six are conclusory. Petitioner fails to engage in any analysis supporting the arguments therein, and makes no effort to demonstrate that post-conviction counsel's performance was deficient for failing to raise the claims in his Rule 24.035 motion, and that such failure prejudiced his defense. Petitioner's procedural default arguments are generalized, consisting solely of the statement that his counsel "failed to raise this issue." (ECF No. 1 at 8-10.) Petitioner's generic and conclusory arguments are not sufficiently specific to constitute cause in this case. See Williamson v. Jones, 936 F.2d 1000, 1006 (8th Cir. 1991) (holding that a petitioner must do more than simply allege that counsel's failure to present claims was due to ineffectiveness).

The Court finds Petitioner is unable to establish that postconviction counsel's performance was deficient. Counsel need not, and should not, raise every non-frivolous claim. Smith v.

13

Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)).  Rather, counsel should select from among potential issues in order to maximize the likelihood of success.  Id.  In the Rule 24.035 motion, postconviction counsel argued that plea counsel was ineffective for failing to present available mitigation evidence at sentencing.  If, as with appellate counsel, "one of [post-conviction] counsel's important duties is to focus on those arguments that are more likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue."  Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoted case omitted).

The Court finds that postconviction counsel's decision to focus on the mitigation evidence claim was reasonable strategy.  Petitioner makes no attempt to argue that the defaulted claims are more meritorious than the one advanced by postconviction counsel, and Petitioner offers no argument or evidence to overcome the presumption that counsel's decision to focus on that claim was a reasonable strategy.

In addition, the Court finds that the underlying defaulted claims of ineffective assistance of counsel are not substantial.  Ground Three is entirely lacking in merit.  Plea counsel was not ineffective for failing to challenge the charges against Petitioner by asking the state court to disregard the Supreme Court's holding in Missouri v. Hunter, 459 U.S. 359, which directly controls this claim.  Further, there can be no prejudice because it was not within the state court's power to overturn Missouri v. Hunter.

Ground Four lacks merit as plea counsel was not ineffective for failing to ask the state court to interpret Missouri's double jeopardy statute, § 556.041, in violation of well-established

Missouri case law and Missouri v. Hunter. There can be no prejudice because such a request would have been denied.

Ground Five also lacks any merit. Petitioner alleges his plea counsel did not have him evaluated to determine his mental competency and instead sought fabricated mental health documents to submit to the plea court. These conclusory allegations are unsupported by evidence and are refuted by the record. Petitioner was originally set to plead guilty on September 21, 2011 (Ex. A, ECF No. 13-1 at 10). After Petitioner stated at the plea hearing that his "brain didn't understand" the implications of entering a plea, his guilty plea was continued several times to allow him to complete a mental examination. (Id. at 9; Ex. E, ECF No. 13-5 at 2.) On May 4, 2012, the plea was again continued so plea counsel could obtain an addendum from Petitioner's mental health examiner, Dr. Alan R. Felthous, "explicitly stating the status of the defendant's [Competency] to proceed with a Guilty Plea." (Ex. A, ECF No. 13-1 at 9.) Docket entries and the guilty plea transcript establish that plea counsel filed a confidential letter with the Court on May 23, 2012, which included an addendum from Dr. Felthous that found Petitioner competent to stand trial or enter a guilty plea. (Id. at 9, 27). At the post-conviction evidentiary hearing, plea counsel testified he had Petitioner examined by Dr. Felthous and he obtained Petitioner's medical and mental health records and provided those to Dr. Felthous. (Ex. D, ECF No. 13-4 at 73-75.) This ground is therefore insubstantial.

Finally, as to Ground Six, Petitioner's claim is not substantial because this ground fails to articulate a specific claim of ineffective assistance of plea counsel.

In sum, Petitioner fails to demonstrate that the procedurally defaulted ineffective assistance of counsel claims were substantial, or that postconviction counsel was deficient for failing to raise them. Thus, Petitioner is unable to show cause for his procedural default on Grounds Three

through Six under Martinez.  As Petitioner has asserted no other cause and has not asserted actual innocence, the Court will deny Grounds Three through Six as procedurally defaulted.

Accordingly,

**IT IS HEREBY ORDERED** that Kenneth Ivy's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Bill Stange as the proper Respondent in this action.

**IT IS FURTHER ORDERED** that Petitioner Ivy has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability.

A separate Judgment in accord with this Memorandum and Order will be issued separately.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of September, 2020.